## STATE ex rel. BEMENT VS. RICE.

MANDAMUS. (1) *By whom alternative writ may be allowed.* (8) *When school district compelled by mandamus to levy tax.*

SCHOOL DISTRICT. (2) *Joint district created by division of town.* (3, 4) *Dissolution of a school district; how the parts to be attached to other districts.* (5) *Claim of part detached to its share of school property.* (6, 7) *How and when such share to be determined.* (8) *When levy of tax to pay such share enforced by mandamus.*

1. Under the statutes of this state a circuit judge has power to allow an alternative writ of *mandamus* at chambers. And *it seems* that such

writ may be allowed by any officer having the general powers of a circuit judge at chambers.

2. Where a town is divided, and a new town organized embracing part of its territory, a school district existing at the time of such division, and a part of whose territory is included in each of the towns so constituted, becomes a *joint* district of the two towns; and the *joint* action of the supervisors of said towns is required to alter or regulate it.

3. It is doubtful whether town supervisors have the power to "dissolve" a school district without including the territory in some one or more other districts.

4. But where a joint order was made by the supervisors of towns A. and B., dissolving joint school district No. 1 of such towns, and the supervisors of A. at the same time made an order erecting so much of the territory of said district as was included in their town, into district No. 1 of the town of A., while the remainder of the territory of said joint district became district No. 1 of the town of B.: *Held*, that this was a substantial compliance with the statute, and the division was valid.

5. It appearing that the school house and other property of the original joint district remained in and were retained by district No. 1 of the town of B.: *Held*, that said district is liable to pay district No. 1 of the town of A. its just proportion of the value of such property. Tay. Stats., 543, § 12.

6. The sum which must be paid by one district to the other, in such a case, must be determined by the joint action of the supervisors of the two towns.

7. The provision of statute (sec. 12 above cited) that the sum to be paid to the new district shall be determined "at the time of forming such new district," is only *directory;* and if it is not complied with at the time, the duty may be *afterwards* performed by the supervisors of the two towns.

8. No determination of the amount due the plaintiff district having been had in the manner required by statute, in the present instance, *mandamus* will not lie to compel the levy of a tax by the defendant district for the payment of any sum on that account.

APPEAL from the Circuit Court for *Outagamie* County.

Before the enactment of chap. 132, P. & L. Laws of 1871, the town of Black Creek in Outagamie county consisted of townships 23 and 24 north, of range 17 east, and school district No. one therein extended the whole length of the town, being twelve miles long, north and south.

The act of 1871 detached township 24 from Black Creek, and constituted it a separate town, to be called the town of Cicero. The act was approved February 25th; and in April following the new town was organized by the election and qualification of the proper town officers.

On the 14th of June, 1871, the boards of supervisors of both towns joined in an order in writing of that date, signed by all of the members of both boards and filed in the office of the town clerk of each town, which order is as follows: "It is hereby ordered and determined that the joint school districts Nos. 1, 2, 3 and 5 of these towns are hereby dissolved." The district therein mentioned as joint school district No. one, is the same district which, before the act of 1871 was passed, was known as "district No. one of the town of Black Creek," and the same first above mentioned. On the same day the board of supervisors of Cicero, by an order to that effect, constituted that portion of the old district No. one which is in that town, a new district, which they designated as "school district No. one of the town of Cicero;" and the same was soon afterwards duly organized. The school house and other property of the old district were located, and remained, in that portion thereof which lies in the town of Black Creek; and such portion, after June 14th, 1871, seems to have been known and designated as "school district No. one of the town of Black Creek."

After the above proceedings were had, the supervisors of Cicero applied to the supervisors of Black Creek to unite with them in an order fixing the proportion of the value of the property belonging to the joint school district, justly due to the new district; but they refused to do so. Thereupon the board of supervisors of Cicero made an order fixing such proportion at the sum of $442.72, and formal demand was made of the defendant, the clerk of school district No. one in Black Creek, that he include the above sum in the statement of taxes to be levied in his district, which he is required to make to the town clerk, by the provisions of sec. 62, chap.

155, Laws of 1863 (Tay. Stats., 559, § 65). The defendant having neglected and refused to do so, the circuit judge at chambers allowed an alternative writ of *mandamus*, on the relation of the director of district No. one of Cicero, requiring the defendant to make such statement or show cause to the court why he neglected so to do, etc. A motion to quash the writ because not allowed by the court, was denied, and the cause was tried before the court and a jury. The court directed the jury to return a special verdict finding, substantially, the facts above stated. Concerning the truth of such facts there was really no conflict in the testimony.

On such verdict, judgment was rendered by the court for the relator, awarding a peremptory *mandamus* to the defendant as prayed for in the relation. The defendant appealed from the judgment.

*G. H. Myers*, for appellant:

*Mandamus* is a prerogative writ, and neither the judge in vacation nor any judicial officer has power to award it, but application must be made to the court. 2 Burrill's Pr., 127 – 177, and cases there cited. S. C. Rule adopted Sept. 22, 1865, Tay. Stats., 2013. 2. The supervisors of the town of Cicero had no jurisdiction to determine what sum should be paid by the school district in Black Creek. See §§ 12 – 14, ch. 23; Tay. Stats. It appears from § 13 to be intended that the apportionment shall be made by the supervisors of the town in which the district required to pay the tax is situated, and where may be found the record of the assessment and valuation of the old district. If the supervisors of that town refuse to make the apportionment when duly requested, an appeal may be taken to the state superintendent, or an application made to the court for a *mandamus*. If the apportionment, when made, is unsatisfactory, an appeal lies to the state superintendent. *School Dist. No. 2, etc. v. School Dist. No. 1, etc.*, 3 Wis., 333. 3. No statute makes it the duty of a school district clerk to obey the order of the board of supervisors of any

town besides his own ; and if it was not defendant's plain legal duty to obey the notice of the supervisors of the town of Cicero, he will not be compelled by *mandamus*. *State v. Washington County*, 2 Chand., 247; *State ex rel. Carpenter v. Hastings*, 10 Wis., 518; *State ex rel. Spaulding v. Elwood*, 11 id., 17.

*Warner & Ryan*, for respondent :

1. Motions may be made to a judge out of court, except for a new trial on the merits. Orders made out of court without notice may be made by any judge of the court, or by a county judge or court commissioner of the county where the action is triable, except orders to stay proceedings after verdict. Tay. Stats., 1655, § 30; *In re Gill*, 20 Wis., 686. Applications for the writ of *mandamus* may be *ex parte*. 2 Tiff. & Smith's N. Y. Pr., 193 ; *State ex rel. Cothren v. Lean*, 9 Wis., 279 ; *People ex rel. v. Contracting Board*, 20 How. Pr., 206. 2. The supervisors of the town of Cicero, being the town which *formed the new district*, were the proper body to determine the proportion of the value of the school property justly due to such new district. Tay. Stats., 543, § 12. The other steps necessary to fix the duty of the defendant were taken as required by the statute. Tay. Stats., 543, §§ 12–14, 559, § 165; Laws of 1863, ch. 155, sec. 62. Defendant having refused to perform a plain specific duty imposed by the statute, *mandamus* was the proper remedy. *School Dist. No. 2 v. School Dist. No. 1*, 3 Wis., 333 ; *State ex rel. v. Eaton*, 11 id., 29.

LYON, J. I. We are of the opinion that the circuit judge had power to allow the *mandamus* at chambers. It is not believed that an extended discussion of such power would be profitable, it only being material that the question of its existence should be determined. We will only refer to the statutes which seem to uphold the power. R. S., ch. 116, secs. 4 and 5 (Tay. Stats., 1306–7, §§ 22 and 23) ; R. S., ch. 140, sec. 29 (Tay. Stats., 1655, § 30). We think, further, that by virtue of

other statutes the writ may be allowed by any officer having the powers of a circuit judge at chambers. See *In re Gill*, 20 Wis., 686. An alternative *mandamus* is little more than an ordinary order to show cause, and there seems to be no good reason why the facilities for obtaining it should not be as extensive as those which the law furnishes for obtaining the much more summary and severe writs and processes of *habeas corpus*, *ne exeat* and injunction. Yet these, as well as writs of *certiorari*, may be allowed or granted by a judge or court commissioner at any time. It must be held that the motion to quash the writ was properly denied.

II. When the town of Black Creek was divided, and the town of Cicero created and organized, school district No. 1 of Black Creek became thereby a joint school district of the two towns (*State ex rel. School District etc. v. Wolfrom*, 25 Wis., 468); and the joint action of the supervisors of both towns was required to alter or regulate it. Laws of 1863, ch. 155, sec. 15 (Tay. Stats., 544, § 15). It is very doubtful whether the supervisors had, or have, the power to dissolve a school district, unless they attach the territory which constituted the same to some other district. The statute (Tay. Stats., 544, § 16) does not seem to contemplate that there can be a dissolution or disorganization of a school district unless it results from the alteration of districts. It seems quite clear that the policy of the law is, that the territory once included in a district shall remain thereafter in that or some other district. This view of the law is confirmed by the provisions of ch. 56, Laws of 1873, which make it the duty of the supervisors to attach to adjoining districts any school district which neglects for two consecutive years to maintain a public school therein as required by law. Hence it is very probable that the joint order of dissolution in this case, standing alone and unexplained, would be a nullity. It seems to us, however, that such order must be considered and interpreted in connection with the accompanying facts and circumstances. In the light of these we have no difficulty in holding that the joint

order, which purports to dissolve the joint district, and the order of the supervisors of Cicero made at the same time, creating district No. 1 of that town, taken together, are equivalent to a joint order creating a new district out of that portion of the joint district lying and being in the town of Cicero. Instead of adopting the latter method, the supervisors accomplished precisely the same result by other means equally as effectual. The result attained, rather than the means employed to attain it, would seem to be the proper test by which to determine the rights and liabilities of the districts affected by this litigation.

Our conclusion is, that district No. 1 in Black Creek is legally liable to pay district No. 1 in Cicero the proportion of the value of the school house, and other property (if there was any) of the joint district, justly due to such new district. Tay. Stats., 543, § 12.

III. But we are of the opinion that it appears on the face of the relation that the relator has mistaken his remedy. We think the statutes above cited, properly construed, require the joint action of the supervisors of the two towns to ascertain and determine the sum which the Black Creek district ought to pay to the new district in Cicero. When the sum is determined in that manner, it will be the duty of the proper district and town officers of Black Creek to take the steps prescribed by law to raise the same.

The provision of § 12 above cited, that the proportionate sum to be paid to the new district shall be ascertained and determined " at the time of forming such new district," is directory merely ; and, if not complied with at the time specified, it may be complied with afterwards. The supervisors of the.two towns should meet at some reasonable time and place and perform the duty in that behalf which the law imposes upon them.

It follows from the foregoing views, that the judgment of the circuit court must be reversed.

*By the Court.* — It is so ordered, and the cause is remanded with directions to quash the alternative writ of *mandamus* and dismiss the proceedings.