IN RE VILLAGE OF MOSINEE: TOWN OF KRONENWETTER, Appellant, vs. KNOEDLER and others, Respondents.

*March 17—April 11, 1922.*

*Municipal corporations: Alteration of village boundaries: Town as proper party.*

Under sec. 61.18, Stats., the only persons interested in a proceeding involving the alteration of the boundaries of a village are the residents and taxpayers of the village, the petitioners, and owners of land in the territory to be attached or detached, and the trustees and officers of the village; and a town, part of whose territory will be annexed by a proposed enlargement of the village, is not a proper party to oppose the annexation or to appeal from an order annexing the territory.

APPEAL from an order of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Dismissed.*

The appeal is from an order annexing certain territory of the town of *Kronenwetter,* in. Marathon county, to the village of *Mosinee.*

For the appellant the cause was submitted on the brief of *Goggins, Brazeau & Goggins* of Wisconsin Rapids.

In re Mosinee, 177 Wis. 74.

For the respondents there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *Fred W. Genrich.*

DOERFLER, J.   It appears from the findings in this case, duly supported by the evidence, that all of the requirements of sec. 61.18, Stats., entitled "Alteration of boundaries," have been fully complied with in the proceedings herein; that the notice of application for such annexation was duly published in the Mosinee *Times* once each week for six consecutive weeks, as required by the statute, but it is claimed by the appellant that said notice as published did not state that the survey, map, and census were left with the village clerk, as provided by said sec. 61.18, but that they had been left at the rooms of the chamber of commerce on Main street in said village of *Mosinee.*   Appellant claims that inasmuch as the notice of publication did not state that the survey, map, and census were left with the village clerk at said chamber of commerce rooms, such notice was fatally defective, and that it was jurisdictional, and that the subsequent order of the court annexing the territory was without jurisdiction and void.   This alleged jurisdictional defect was raised solely by the town of *Kronenwetter,* being the town in which the lands to be annexed were situated, such town appearing specially and moving to dismiss the proceedings for the reasons above stated.

Sub. (3) of sec. 61.18 provides that the application shall be made by petition subscribed by some officer or officers of the village acting under the authority and direction of the village board, or by at least five residents and taxpayers of said village, and shall be preceded by proceedings respecting survey, map, census, notice to be heard, and publication of notice pursuant to the provisions of secs. 61.01 to 61.06, inclusive, properly applied to such subject, except that the survey, map, and census required shall be left for examination by persons interested with the village clerk for a period

of three weeks from the posting or first publication of the notice of such application.

Sub. (4) of sec. 61.18 provides that if the court after such hearing shall be satisfied of the correctness of any such survey or resurvey and census, that all the requirements of this act have been complied with, and that such village, after the proposed alteration, contains within its limits the population and area required by sec. 61.01, it shall make an order altering the boundaries of said village as prayed for in said petition.

Sub. (5) of sec. 61.18 provides that if the court after such hearing shall be satisfied by affidavit or other due proofs that the board of trustees of such village has duly passed a resolution consenting to such proposed alteration, and that all of the owners of property to be annexed or detached consent to such proposed alteration, the boundaries of such village shall be deemed altered, without any further acts, upon the recording of such order in the office of the register of deeds of the county in which said village may be located. The subdivision further provides that, where such consent is not given, a special election shall be called by the trustees of such village, and also an election in such additional territory, etc.

From the foregoing it appears clearly that the only parties interested in a proceeding involving the alteration of boundaries of a village are the residents and taxpayers of said village, the petitioners and owners of land in the territory to be attached or detached, and the trustees and officers of said village. The interests of the town of *Kronenwetter* are not involved in contemplation of the provisions of the above statutes, and such town, not being interested, cannot be heard in opposition to such application, nor is it a proper party interested to authorize it to appeal from the order of the circuit court.

"An appeal will not lie in favor of one who has no in-

terest in the controversy, and against whom no judgment has been entered, however irregular may be the judgment in the cause." Headnote in *McGregor v. Pearson,* 51 Wis. 122, 8 N. W. 101; *McGinnis v. Wheeler,* 26 Wis. 651; *State ex rel. School Dist. v. Wolfrom,* 25 Wis. 468; *Strong v. Winslow,* 3 Pin. 27.

The appeal in the above entitled action must therefore be dismissed.

*By the Court.*—It is so ordered.