IN RE the MARRIAGE OF: Frank J. GERTH, Petitioner-Respondent,

v.

Lois A. GERTH, Respondent-Appellant.

Court of Appeals

*No. 90-1422-FT. Submitted on briefs September 24, 1990.—Decided December 11, 1990.*

(Also reported in 465 N.W.2d 507.)

On behalf of the appellant, the cause was submitted on the briefs of *Ramona A. Gonzalez* of *Bosshard & Associates,* La Crosse.

On behalf of the respondent, the cause was submitted on the brief of *David J. Fugina* of *Fugina Law Office,* Fountain City.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Lois Gerth appeals the portion of a divorce judgment that denied her request for maintenance following the termination of her twenty-year marriage to Frank Gerth.[1] Lois contends that because of the disparate earnings between Frank and herself, the court abused its discretion by not requiring Frank to pay maintenance. Because we conclude that the court properly applied the relevant law to its factual findings, we affirm the judgment.

Frank and Lois Gerth were married for twenty years. At the time of their divorce, their only child was nineteen, Frank was forty-four and Lois was thirty-nine. Frank is employed as a production planner with a firm for which he has worked for twenty-six years and earns an annual salary of $37,727 plus fringe benefits including a 401K plan, a pension plan and group health insurance. Lois worked the last seventeen years of the marriage, the past six years as a machine operator. She annually earns $17,436 plus group health insurance. Both Lois and Frank are high school graduates. The record does not indicate that either party has any health problems.

The parties divided the marital estate equally with each party receiving property of a value slightly in excess of $35,000. Frank received most of the nonliquid assets

---

[1] This is an expedited appeal under Rule 809.17.

and paid Lois $16,842.50 to equalize the property distribution. Frank financed this payment with a loan of $9,000, on which he will make monthly payments of $200.

Each party submitted a statement of their expenses. The court reduced Frank's monthly budget from $2,568.15 to $1,918.15. Lois submitted a monthly budget of $1,749, which the court reduced to $1,019. The difference between the two budgets is attributable in part to the extra expenses Frank has in maintaining a house. The court also found that Frank and Lois have after-tax monthly incomes of $1,929.31 and $1,124.69, respectively. We note that Frank's expenses do not include the $200 per month payment on his loan to equalize the property division, and Lois' income does not include the interest she will be able to earn on her liquidized share of the equity in their house. The court concluded that both parties were able to meet their reasonable needs from their earned income although with little money to spare. Thus, the court concluded that Frank did not have the financial ability to make maintenance payments and Lois did not require them. The court also found that Lois did not sacrifice her earning capacity for the marriage. The court, therefore, denied maintenance.

We will not disturb the trial court's maintenance determination unless the trial court abused its discretion. *In re LaRocque,* 139 Wis. 2d 23, 27, 406 N.W.2d 736, 737 (1987). In that case, the court stated that there are two objectives in the award of maintenance: "to support the recipient spouse in accordance with the needs and earning capacities of the parties (the support objective) and to ensure a fair and equitable financial arrangement between the parties in each individual case (the fairness objective)." *Id.* at 33, 406 N.W.2d at 740.

681

■ Lois argues that the court violated both the support and fairness objectives identified in *LaRocque.* She argues that the length of their marriage and their disparate earning capacities compel some award of maintenance. She contends that the court mistook subsistence as the goal of maintenance and that the court erroneously concluded that their earning capacities were the same even though Frank made twice what she made. Essentially, this argument urges the proposition that in a long-term marriage where there is disparate earnings between spouses, the law compels payment of maintenance. We do not agree.

■ The court's finding that Frank's income was insufficient to meet his living expenses and pay maintenance is a finding of fact that we will uphold unless clearly erroneous. *See* sec. 805.17(2), Stats. We apply the same standard of review to the trial court's finding that Lois had sufficient income to meet her expenses. The court determined that Frank had insufficient income and Lois had insufficient need to order maintenance payments. Upon review of the record we cannot say this determination was clearly erroneous. The court's finding that the support objective was fulfilled is not an abuse of discretion because it reached a reasoned decision based on the facts it found.

■. The court held that while their incomes are different, Lois worked throughout the marriage and suffered no loss of earnings or earning capacity as a result of the marriage. This is not a situation where one spouse left either school or the work force to raise their children or take care of their home. The court also found that Lois' efforts did not increase Frank's earning capacity. The

court determined that it was fair for the parties to have different income levels if those levels were unaffected by the marriage and obtained only through their own natural abilities and hard work. The court reasoned that a disparity in income is unfair when the disparity is attributable at least in part to one party's sacrifice of his or her earning capacity. Where a spouse has subordinated his or her education or career to devote time and energy to the welfare, career or education of the other spouse or to managing the affairs of the marital partnership, maintenance may be used to compensate for those nonmonetary contributions to the marriage. *LaRocque,* 139 Wis. 2d at 39, 406 N.W.2d at 742. Applying this standard, the facts of this case did not compel a maintenance award.

The fairness objective must be viewed in light of both the payor and payee. The court held it would be unfair to require Frank to pay maintenance to Lois when his income barely covered his own expenses and Lois had sufficient resources to meet her needs. Additionally, Lois had not sacrificed her earning capacity during their marriage. Thus, fairness does not require a maintenance award. Because the court properly applied the law to the facts it found, we conclude the court did not abuse its discretion by denying maintenance payments to Lois.

The issue as to whether maintenance payments are required may vary from case to case and require the exercise of judicial discretion. *Enders v. Enders,* 147 Wis. 2d 138, 142, 432 N.W.2d 638, 639 (Ct. App. 1988). While maintenance could have been ordered in this case, the issue requires the exercise of judicial discretion. *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). Judicial discretion is the reasoned application of the proper principles of law to the facts that are prop-

erly found. *Id.* at 66, 306 N.W.2d at 20–21. That is what the court did in the instant case. To the extent Lois contends that maintenance is required in every case where there is disparate earnings between parties to a long-term marriage, we reject such a hard and fast rule. Because the trial court exercised its discretion in determining whether maintenance should be paid, we affirm the judgment.

*By the Court.*—Judgment affirmed.