STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert E. FRANKWICK, Defendant,

Lynn KURER, and One 1986 Chevrolet Truck, VIN 1GBJC34J3GJ180809, Wisconsin License Plate #DG8952 and its appurtenances, Defendant-Appellant.

Court of Appeals

*No. 98–2484. Oral argument June 8, 1999.—Decided July 14, 1999.*

(Also reported in 599 N.W.2d 893.)

On behalf of the defendant-appellant, there was a brief and oral argument by *Wendy A. Patrickus* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul E. Bucher,* district

attorney, and *Barbara A. Michaels*, assistant district attorney.

There was an amicus curiae brief filed by *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general. There was oral argument by *James M. Freimuth*.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   Lynn Kurer appeals from an order setting aside her security interest in a truck seized by Waukesha county. Kurer perfected her security interest in the truck the day before Robert E. Frankwick, the truck's owner and Kurer's long-time friend, pled guilty to fourth and fifth OWI offenses. The trial court ordered the truck seized upon Frankwick's conviction for fourth offense OWI. *See* § 346.65(6)(a)2, STATS. The trial court found that Kurer's lien was "not a good faith transfer" and therefore ordered that the application for title listing Kurer as a lienholder be canceled and that the vehicle be forfeited to the State. *See* § 346.65(6)(k). We hold that § 346.65(6)(k)'s requirement that the court find a transfer to be in good faith does not apply to the perfection of a security interest. However, the creation of a security interest must be done in good faith, as must all Uniform Commercial Code transactions. *See* § 401.203, STATS. Here, the basis for the trial court's finding of bad faith is not clear. Therefore, we reverse and remand for further fact-finding.

The facts are as follows. In May and June of 1997, Frankwick committed his fourth and fifth OWI offenses within a ten-year period. On May 30, 1997, Waukesha county filed a Stop Title Transfer Notice with the Department of Transportation (DOT), advising the DOT that "Pursuant to Section 342.12(4),

Wisconsin Statutes . . . any vehicles owned by [Frankwick] should not be transferred until notified by the Court." On December 2, 1997, Frankwick pled guilty to the May and June OWI offenses. He was sentenced to jail time and fined. In addition, the court ordered seizure and forfeiture of his 1986 truck, pursuant to § 346.65(6), STATS.

Kurer was named as a defendant in the forfeiture action because she held a lien on the truck. *See* § 346.65(6)(c), STATS. ("The action shall name the owner of the motor vehicle and all lienholders of record as parties."). Kurer had perfected her security interest in the truck by filing an application for title with the DOT on December 1, 1997, one day before Frankwick entered his guilty pleas. Based on the proximity of the title application to the guilty plea, along with other factors, the trial court concluded that Kurer's lien was filed in bad faith and for the purpose of circumventing the forfeiture penalty. Thus, the trial court ordered that the DOT "cancel the title processed on December 1, 1997" and the vehicle be forfeited. Kurer appeals, claiming that the court did not have authority to set aside her interest in the truck, given the fact that the court did find that she had lent Frankwick money.

Kurer's challenge to the court's determination is twofold. She first contends that the court erred when it found Kurer's transfer to be in bad faith. Kurer's second attack is that § 346.65(6)(k), STATS., does not authorize the trial court to set aside her perfected security interest in the truck. We agree with Kurer that § 346.65(6)(k) does not come into play when a party applies for a new title to perfect a security interest. However, the security interest must still be created in good faith, as must all transactions under the purview of the Uniform Commercial Code. *See* § 401.203,

409

STATS. It was therefore appropriate for the trial court to examine Kurer and Frankwick's motives, even though such inquiry was not mandated by § 346.65(6)(k) in this case. Here, however, it is not clear from the trial court's oral and written decisions why the court found that this was not a good faith transfer.

Our standard of review is mixed. We will not disturb the trial court's factual findings as long as they are supported by the record. *See Gerth v. Gerth*, 159 Wis. 2d 678, 682, 465 N.W.2d 507, 509 (Ct. App. 1990). The interpretation of statutes, on the other hand, is a question of law we review de novo. *See Grosse v. Protective Life Ins. Co.*, 182 Wis. 2d 97, 105, 513 N.W.2d 592, 596 (1994). We first address the statutory question and then examine the trial court's findings.

Section 346.65(6), STATS., provides for the seizure and forfeiture or immobilization of motor vehicles belonging to those with multiple OWI offenses. Paragraph (k) prohibits "transfer [of] ownership of any motor vehicle . . . subject to . . . seizure" as well as "application for a new certificate of title under s. 342.18" for such vehicle "unless the court determines that the transfer is in good faith and not for the purpose of or with the effect of defeating the purposes of this subsection." Section 346.65(6)(k). It allows the DOT to "cancel a title or refuse to issue a new . . . title" when the paragraph has been violated. *Id.* Further, § 342.255(1), STATS., requires the DOT to cancel a title when a "transfer of title is set aside by the court by order or judgment." The question presented is whether Kurer's eleventh-hour perfection of her security interest was subject to the court's scrutiny under § 346.65(6)(k).

While at first blush this seems to be exactly the type of transaction the statute was meant to address, we conclude that the perfection of a security interest is not within the purview of § 346.65(6)(k), STATS. The statute says that no person may "transfer ownership" or "make application for a new certificate of title under s. 342.18" unless the court makes a finding of good faith. So, we have two questions. First, is the perfection of a security interest in a motor vehicle a transfer of ownership? Second, does perfection require an application for new title under § 342.18, STATS.?

While the grant of a perfected security interest is a transfer of an interest in property, it is not a transfer of ownership within the meaning of § 346.65(6)(k), STATS. "Transfer," for purposes of ch. 342, STATS., means "to change ownership by purchase, gift or any other means." Section 342.01(2)(c), STATS. "Ownership" is a multifaceted abstraction, often likened to a bundle of sticks. *See, e.g., Mitchell Aero, Inc. v. City of Milwaukee*, 42 Wis. 2d 656, 662, 168 N.W.2d 183, 185–86 (1969). When used by the legislature, ownership may "describe a great variety of interests, and may vary in significance according to context and subject matter." *See City of Milwaukee v. Greenberg*, 163 Wis. 2d 28, 35, 471 N.W.2d 33, 35 (1991). While the holder of a perfected security interest in a piece of property certainly has some of the sticks from the ownership bundle, in particular the right to a portion of the proceeds when the item is sold, the holder does not have enough sticks to add up to ownership. For example, the lienholder does not have the right to control the use of the property. In short, the lienholder's interest is insufficient to render the grant of a perfected security interest a "transfer of ownership" for purposes of § 346.65(6)(k).

Neither is the grant of a security interest a transaction for which one applies for a new title under § 342.18, STATS. True, one must apply for a new title in order to perfect a security interest. *See* § 342.19(2), STATS. But, that would be an application under § 342.19, not § 342.18. Section 342.18 applies to applications for new certificates of title when there has been a transfer of ownership, which, as we have seen above, is not the same as the grant of a security interest. Because the grant of a security interest is not a transfer of ownership and requires application for title under § 342.19, not § 342.18, § 346.65(6)(k), STATS., does not apply when a party perfects a security interest in a car.

That § 346.65(6)(k), STATS., was not meant to apply to the perfection of a security interest is demonstrated by the statutory treatment of lienholders elsewhere in the section. Paragraph (em) mandates the procedure to be followed when the State forfeits a car in which there is a perfected security interest. *See* § 346.65(6)(em). This shows that, when crafting this statute, the legislature not only thought about lienholders, it sought to protect their rights. Yet the legislature, for whatever reason, chose not to include the perfection of a lien as a transaction for which the court must make a finding of good faith under § 346.65(6)(k). This easily could have been done by either omitting the phrase "under s. 342.18" or including "or s. 342.19" in that phrase. We must presume the legislature knew that application for a new title when perfecting a security interest is done under § 342.19, STATS. *See State v. Trongeau*, 135 Wis. 2d 188, 192, 400 N.W.2d 12, 14 (Ct. App. 1986) (legislature is presumed to know existing law). Since it did not include application for a new title under § 342.19, and

412

since the grant of a security interest is not a transfer of ownership, § 346.65(6)(k) does not apply in this case.

■ Even though there is no requirement that the court make a finding of good faith under § 346.65(6)(k), STATS., for perfection of a security interest, the creation of such an interest still must be done in good faith. *See* § 401.203, STATS. Section 401.203 states that "[e]very contract or duty within chs. 401 to 411 imposes an obligation of good faith in its performance or enforcement." Although the perfection of a security interest in an automobile is governed by § 342.19, STATS., the creation of the security interest is governed by the Uniform Commercial Code—chs. 401 to 411. *See Milwaukee Mack Sales, Inc. v. First Wis. Nat'l Bank*, 93 Wis. 2d 589, 595, 287 N.W.2d 708, 711–12 (1980); §§ 401.101, 409.302(3)(b), STATS. So, pursuant to the requirements of § 401.203, the security interest here must have been created in good faith. The trial court found that it was "not a good faith transfer." We now turn to review this finding.

The factual basis for the trial court's finding that the transfer was "not a good faith transfer" is not clear from the record. In its oral decision, the court stated, "I have no doubt that there was a loan of monies between Miss Kurer and Mr. Frankwick." The court, however, expressed doubt about the authenticity of the promissory note:

> [W]hat has happened since [the loan] certainly call[s] into question . . . the credibility in court's mind of [the promissory note], again looking at the fact that the amortization schedule . . . is for unsecured loan. Face the fact that the information about the truck being held as collateral is typed onto the note and noting also that the witness to the

413

signing of that note is not here. There is conflicting evidence in the court's estimation that the note was prepared when the truck was picked up.

Later at that hearing, the court stated the following: "I am making specific Findings this was not a good faith transfer. I might note that also part of [the] court's decision here is some concern that some of this information may have been fabricated." The above comments suggest that the court concluded that the promissory note was a sham. No clear finding was made to that effect, however.

██

The findings made at the hearing are not clarified by the trial court's written decision. There, the court stated the following:

> The certificate of title lists Lynn Kurer's name on the title as "buyer" dated June 23 or 25, 1997. This is the first record showing Lynn Kurer had an ownership interest in the vehicle and it is dated after Frankwick knew the vehicle was subject to seizure or immobilization. The vehicle is not listed as collateral on any loan between Kurer and Frankwick.

The certificate of title to which the court referred is not in the appellate record, nor is it in the trial court record. Furthermore, the statements that a document dated June 1997 is "the first record showing Lynn Kurer had an ownership interest in the vehicle" and that "[t]he vehicle is not listed as collateral on any loan" conflict with the record. The promissory note dated June 25, 1996, lists the truck as collateral. Perhaps these statements reflect the court's skepticism about the validity of the promissory note. We cannot, however, affirm a finding of bad faith, and the consequent setting aside of Kurer's security interest, based

414

on these equivocal findings of fact. We therefore reverse the trial court's order and remand for further fact-finding and a determination of whether Kurer's security interest was created in good faith. Finally, we note that it is the creation of the interest, not the eleventh-hour attempt to perfect it, that is subject to the good faith requirement of § 401.203, STATS.

*By the Court.*—Order reversed and cause remanded.