VILLAGE OF SLINGER, Plaintiff,

Dr. Kent SCHAEFER and Mary Schaefer, Plaintiffs-Appellants,

v.

CITY OF HARTFORD, Defendant-Respondent,

TOWN OF HARTFORD, Defendant.
[Case No. 01–3016.]

VILLAGE OF SLINGER, Dr. Kent Schaefer and Mary Schaefer, Plaintiffs,

v.

CITY OF HARTFORD, Defendant-Respondent,

TOWN OF HARTFORD, Defendant-Appellant.
[Case No. 01–3281.]

Court of Appeals

*Nos. 01–3016, 01–3281. Submitted on briefs June 13, 2002.— Decided June 26, 2002.*

2002 WI App 187

(Also reported in 650 N.W.2d 81.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael A.I. Whitcomb, S.C.* of Milwaukee. On behalf of the defendant-appellant, the cause was submitted on the briefs of *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John A. St. Peter* of *Edgarton, St. Peter, Petak, Massey & Bullon* of Fond du Lac.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J.   Dr. Kent and Mary Schaefer (the Schaefers) appeal from a summary judgment dismissing their claims against the City of Hartford (City) for lack of standing. The Schaefers argue that they have a legally protectible interest in the rezoning of adjoining property that impairs the quality of residential life and in protecting the Town of Hartford's (Town) right to

test the validity of the City's annexation proceedings. We conclude that the Schaefers lack standing to bring this action.

¶ 2.   The Town also appeals from an order dismissing its action against the City for failure to comply with notice of claim requirements. We conclude that the Town's subsequent litigation has rendered this issue moot. We therefore affirm the judgment and the order of the circuit court.

## FACTS

¶ 3.   On December 4, 2000, the City adopted an ordinance annexing 67.7 acres from the Town. The ordinance was the result of a petition for direct annexation by Rubicon Associates, LLC, which proposed high-density residential and multi-family residential development for the area. No electors reside in the annexation area. The ordinance rezoned the annexation area for residential use. The Schaefers own 75.4 acres of land in the Town that abut the entire length of the northern border of the annexation area.

¶ 4.   Prior to the adoption of the ordinance, on November 23, 1999, the City and the Town entered into an intergovernmental agreement (Agreement). The Agreement provided, in relevant part:

> The Town will not challenge any annexation that is in accordance with the terms of this Agreement. Nor will the Town judicially oppose any annexations that are consistent with the terms of this Agreement. The Town also agrees not to foster any private challenges to any annexations that are consistent with the terms of this Agreement, nor financially support anyone who opposes or contests any such annexation. If the Town is impleded [sic] in an annexation lawsuit by a party other than the City, the Town will immediately stipulate that

it does not oppose the contested annexation. The Town will also cooperate with the City on the dismissal of the Town as a party to the relevant lawsuit.

The Agreement runs from January 1, 2000, through December 31, 2020.

¶ 5. This declaratory judgment action was filed by the Schaefers and the Village of Slinger against the City and the Town on February 23, 2001; the Schaefers and the Village sought judgment declaring both the City annexation ordinance and the Agreement void. The Town then cross-claimed against the City, asking the circuit court to declare the Agreement void.

¶ 6. The City and the Schaefers filed cross-motions for summary judgment. On October 17, 2001, the circuit court granted the City summary judgment against the Schaefers and dismissed the claim for lack of standing. The circuit court also dismissed the Village's claim against the City challenging the Agreement but allowed its challenge of the annexation ordinance under the "Rule of Reason."[1] Additionally, the circuit court dismissed without prejudice the Town's cross-claim against the City for the Town's failure to comply with the notice of claim requirements of WIS. STAT. § 893.80 (1999–2000).[2]

## DISCUSSION

¶ 7. The Schaefers argue that the circuit court erroneously dismissed this action for lack of standing. The Schaefers claim they have a legally protectible interest in the rezoning of adjoining property that

---

[1] The Village did not appeal the dismissal of its challenge to the Agreement and is therefore not a party to this appeal.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

impairs the quality of residential life. The Schaefers also argue that they have a legally protectible interest in asserting and protecting the Town's right to test the validity of the City's annexation proceedings.

■

¶ 8.   Whether a party has standing to seek declaratory relief is a question of law we review de novo. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 315, 529 N.W.2d 245 (Ct. App. 1995). Despite this de novo review, we agree with the circuit court's reasoning in concluding that the Schaefers lack standing to bring this action for declaratory relief.

■

¶ 9.   In order to maintain a declaratory judgment action under WIS. STAT. § 806.04, a justiciable controversy must exist, that is:

> (1) A controversy in which a claim of right is asserted against one who has an interest in contesting it.

> (2) The controversy must be between persons whose interests are adverse.

> (3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

> (4) The issue involved in the controversy must be ripe for judicial determination.

*City of Madison v. Town of Fitchburg*, 112 Wis. 2d 224, 228, 332 N.W.2d 782 (1983) (citation omitted). It is the third element of justiciability at issue in this case; the legal interest requirement has often been expressed in terms of standing. *Id.* In order to have standing to sue, a party must have a personal stake in the outcome, *id.*,

865

and must be directly affected by the issues in controversy, *Ramme v. City of Madison*, 37 Wis. 2d 102, 116, 154 N.W.2d 296 (1967). The taxpayer must have sustained, or will sustain, some pecuniary loss before he or she has standing. *Kaiser v. City of Mauston*, 99 Wis. 2d 345, 360, 299 N.W.2d 259 (Ct. App. 1980), *overruled on other grounds by DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994).

¶ 10.   A taxpayer does not have standing to challenge an ordinance merely because he or she disagrees with the legislative body. *Id*. A declaratory judgment will not determine hypothetical or future rights. *City of Janesville v. Rock County*, 107 Wis. 2d 187, 199, 319 N.W.2d 891 (Ct. App. 1982).

¶ 11.   It has been held that a taxpayer can invoke equity to enforce the right of a public corporation where there is a danger of substantial injury that will affect the taxpayer to some extent. *Vill. of Brown Deer v. City of Milwaukee*, 274 Wis. 50, 68, 79 N.W.2d 340 (1956). The *Village of Brown Deer* court held that a taxpayer may successfully invoke a court's equity jurisdiction by alleging the danger that the municipality will suffer substantial injury that will to some extent affect the taxpayer. *Id*. In *Kaiser*, a taxpayer was held to have standing based upon allegations that the city had illegally spent funds and said expenditures injured the taxpayer. *Kaiser*, 99 Wis. 2d at 360–61.

¶ 12.   Nowhere in the complaint do the Schaefers allege that they have sustained or will sustain some pecuniary loss because of the annexation or that the annexation poses a substantial injury to their interests.

There is nothing in the record upon which to base an inference that the Schaefers would be adversely affected by the annexation. The law requires at least an allegation of pecuniary loss or injury. *Id.* at 360. The Schaefers have alleged neither.

¶ 13. When the legislature created the annexation statute of WIS. STAT. § 66.0233,[3] it chose only to establish a town's right to challenge an annexation ordinance, not to extend that same right to adjoining property owners. Prior to the enactment of the annexation statute in 1933, neither a town in which the annexed territory was located, nor its citizens, other than those residing or owning property within the limits of the territory being annexed, had a legal interest in the annexation. *Town of Madison v. City of Madison,* 269 Wis. 609, 614, 70 N.W.2d 249 (1955); *see also Town of Kronenwetter v. Knoedler,* 177 Wis. 74, 76, 187 N.W. 688 (1922) (the only persons interested in annexation were residents and taxpayers of annexing village, petitioners for annexation and owners of land in the annexed territory). Until that point, the law essentially excluded any individuals other than those residing within the annexed township from objecting; indeed, the law even prohibited townships whose territory was being annexed from being heard. *See Town of Madison,* 269 Wis. at 614. The current statute expressly recognizes the Town's ability to be heard.

---

[3] WISCONSIN STAT. § 66.0233, previously WIS. STAT. § 66.029 (1997–98), states:

In a proceeding in which territory may be attached to or detached from a town, the town is an interested party, and the town board may institute, maintain or defend an action brought to test the validity of the proceedings, and may intervene or be impleaded in the action.

¶ 14. The legislature is presumed to know the status of existing law, *State v. Frankwick,* 229 Wis. 2d 406, 412, 599 N.W.2d 893 (Ct. App. 1999), and to have chosen its words carefully, *Ball v. District No. 4, Area Board of Vocational, Technical & Adult Education,* 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). We must assume that if the legislature had intended to expand that right to individuals such as the Schaefers, who do not even live in any of the territories affected, it would have so provided in the legislation. It did not.

¶ 15. Statutes authorizing attack upon annexations by private persons are usually interpreted as to preclude attack on annexations by persons having only remote interests; consequently, persons not residing in the area being annexed are generally denied standing to protest the annexation. 1 CHESTER JAMES ANTIEAU, MUNICIPAL CORPORATION LAW § 1A.31 (1996).

¶ 16. From the tenor of the record as a whole, the heart of the Schaefers' argument is that the proposed development within the annexation territory may affect the value and use of their property. In essence, the Schaefers' complaint is with the development, not the annexation, of their neighbor's property.

¶ 17. While adjoining landowners are affected by a neighbor's land use, land use is in no way dependent upon annexation. The Schaefers assert that they have an interest in protecting their estate from the development of adjoining property that would diminish the value of that estate, the quality of their life and the community in which it is situated. The Schaefers have not cited any authority that allows a neighbor to oppose the development of adjoining property simply because it will affect property values. As the circuit court noted,

the Schaefers can advance this argument in a public zoning hearing but they have no rights in the adjoining property that are affected by the annexation itself.

¶ 18.   Nor do the Schaefers have any standing whatsoever with respect to the Agreement. The Agreement between the City and the Town is a matter dealt with in contract law. The general rule in contract law is that only a party to a contract may enforce or challenge it. *See Sussex Tool & Supply, Inc. v. Mainline Sewer and Water, Inc.*, 231 Wis. 2d 404, 409, 605 N.W.2d 620 (Ct. App. 1999). The exception to this rule is when a contract is made for the benefit of a third party. *Id.* No argument has been raised that the Schaefers are a third-party beneficiary to this Agreement.

¶ 19.   The Town argues that the circuit court erroneously dismissed its action for lack of compliance with notice of claim requirements; the Town claims that the notice of claim provisions of Wis. Stat. § 893.80 do not apply to this action. We conclude that this issue has been mooted by subsequent litigation and we need not address it.

¶ 20.   After the Town's cross-claim was dismissed by the circuit court in this action, the Town filed its notice of claim and then filed a separate lawsuit against the City. In this subsequent lawsuit, the Town challenged the validity of the Agreement. Ultimately the circuit court in that action agreed with the Town and declared the Agreement void as a matter of law.

¶ 21.   We have examined the cross-claim filed by the Town in this action to determine whether this subsequent litigation has rendered this appellate issue moot. We conclude that the cross-claim is targeted

869

exclusively and entirely at the Agreement and makes no allegations concerning the legality or validity of the annexation. The subsequent litigation declaring the Agreement void has mooted this issue.

## CONCLUSION

¶ 22. The Schaefers lack standing to bring this declaratory judgment action because they have not alleged that the annexation will cause them injury or pecuniary loss. In addition, the Town's subsequent litigation has rendered its appellate issue moot. We therefore affirm the judgment and the order of the circuit court.

*By the Court.*—Judgment and order affirmed.