Currie, J.
 

 While other issues are raised in the briefs of counsel, we find it only necessary to consider the single issue of pre-emption.
 

 In the pending litigation initiated by the town of Blooming Grove, in which it seeks a declaratory judgment that will adjudicate the city of Madison’s annexation ordinance of September 21, 1954, to be invalid, the town does not raise the issue of whether such ordinance is void because of jurisdictional defects. Instead, the attack made on such ordinance is that it is voidable because the petition lacked sufficient signatures of electors and property owners at the time of adoption of the ordinance.
 
 Blooming Grove v. Madison
 
 (1960), 9 Wis. (2d) 443, 101 N. W. (2d) 809. Neither does the village of Monona, in its answer to the complaints in the instant
 
 quo warranto
 
 proceedings, attack such annexa
 
 *96
 
 tion ordinance of September 21, 1954, on jurisdictional, grounds.
 
 [1]
 

 In re Incorporation of Village of St. Francis
 
 (1932), 208 Wis. 431, 243 N. W. 315, held that a pending proceeding for annexation of an area to a city
 
 “not void on its face”
 
 pre-empts the field and prevents a proceeding from being initiated for incorporating the same area along with other lands as a village, notwithstanding an action was then pending which attacked the validity of the annexation. Later in
 
 In re Town of Preble
 
 (1952), 261 Wis. 459, 464, 53 N. W. (2d) 187, it was stated that it would be preferable to substitute the words
 
 “valid on its face”
 
 for the words
 
 “not void on its face”
 
 appearing in such holding in the
 
 St. Francis Case.
 
 The rule of pre-emption laid down in the
 
 St. Francis Case
 
 applies to a situation where competing annexation proceedings are initiated to annex the same territory to two different municipalities.
 
 Greenfield v. Milwaukee
 
 (1951), 259 Wis. 77, 47 N. W. (2d) 292. This is the situation here confronting us.
 

 An annexation ordinance, which at most is voidable and not void, continues in effect until declared invalid by proper court determination. Until such time as such ordinance is invalidated, it is effective to pre-empt the field, and prevent any other annexation proceeding from being initiated to annex any part of the affected area to some other incorporated municipality.
 

 We recently reached the same result with respect to competing school-reorganization proceedings in
 
 Palmer v. Sawyer County School Comm.
 
 (1959), 7 Wis. (2d) 437, 96 N. W. (2d) 810. While that case was decided upon an
 
 *97
 
 issue of statutory interpretation, the same policy reasons, which to some extent at least underlay the result therein reached, are applicable here. Reliance was placed in the
 
 Palmer Case
 
 upon a statutory presumption of validity of the first reorganization order. However, there is a common-law presumption of validity which attaches to an annexation ordinance that remains until overcome by proof produced by the party attacking it.
 
 Greenfield v. Milwaukee
 
 (1956), 272 Wis. 388, 395, 75 N. W. (2d) 434.
 

 By the Court.
 
 — Judgments affirmed.
 

 Fairchild and Hallows, JJ., took no part.
 

 [1]
 

 There is a serious question whether, if the village of Monona had attempted to do so, it would not be barred by lapse of time. On this point, see
 
 Blooming Grove v. Madison
 
 (1958), 4 Wis. (2d) 447, 456, 90 N. W. (2d) 573.