Joyce Naomi HAMM, and/or Raymond W. Hamm,
Dependent and Personal Representative of the Estate
of Joyce Naomi Hamm, Plaintiffs-Appellants,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION, St. Catherine's Hospital and Employers Insurance of Wausau,
Defendants-Respondents.

Court of Appeals

*No. 98–0051. Submitted on briefs October 12, 1998.—Decided
November 18, 1998.*

(Also reported in 588 N.W.2d 358.)

†Petition to review denied.

185

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Walter W. Stern* of Union Grove.

On behalf of the defendant-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Lowell E. Nass*, assistant attorney general. On behalf of the defendant-respondent, St. Catherine's Hospital and Employers Insurance of Wausau, the cause was submitted on the brief of *John P. Higgins* of *Law Offices of Stilp and Cotton* of Milwaukee.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J. Section 102.32(6), STATS., authorizes the Department of Industry, Labor and Job Development to approve a lump sum advance payment of unaccrued permanent disability worker's compensation benefits that otherwise would be paid on a monthly basis. However, when such advanced payments are approved, the employer or the employer's insurer is entitled to an interest credit against its liability which is "computed at 7%." The principal issue in this case is whether the interest credit is computed on a one time, simple interest basis or on a per annum basis.

We hold that the Department properly determined that Employers Insurance of Wausau, the worker's liability insurer of Joyce Naomi Hamm's employer, was entitled to compute its interest credit on Joyce's advanced disability benefits on a 7% per annum basis. We therefore affirm the circuit court order which upheld a Labor and Industry Review Commission's (LIRC) ruling which adopted a hearing examiner's ruling approving the Department's computation of the interest credit. Although we rule in favor of Employers,

we reject its threshold argument that we are without jurisdiction because the circuit court action was commenced in Joyce's name after her death.

## FACTS

The facts underlying this appeal were stipulated to by the parties. Joyce was injured at her place of employment on January 22, 1991. As a result, she was awarded monthly partial permanent disability benefits in the amount of $593.67 until the sum of $59,532.90 had been paid. On February 22, 1994, Joyce applied for an advance lump sum payment under § 102.32(6), STATS., on the remaining balance of $53,002.53. On March 14, 1994, Hearing Examiner Roy L. Sass granted Joyce's request, but authorized Employers to deduct an interest credit of $11,123.74, resulting in a net payment to Joyce in the amount of $48,409.61. Examiner Sass computed Employers' interest credit pursuant to § 102.32(6), which provides that an insurer is entitled to a 7% interest credit against its liability when a lump sum advance payment is made. Pursuant to the interpretation of § 102.32(6) which LIRC has employed since 1980, the credit was calculated applying a rate of 7% per annum.

Joyce disputed Examiner Sass's calculation of the interest credit. She argued that the credit should have been computed on the basis of a 7% flat rate on the amount owed which would have resulted in an interest credit of only $3710.18. In lieu of a formal administrative hearing, the parties stipulated to the facts and the matter was assigned to Hearing Examiner Sherman Mitchell. While the matter was pending before Examiner Mitchell, Joyce died on September 6, 1995. On October 1, 1996, Examiner Mitchell upheld Examiner Sass's computation of the interest credit.

Although Joyce was then deceased, her attorney sought and received a review of Examiner Mitchell's ruling before LIRC. On January 23, 1997, LIRC affirmed Examiner Mitchell's ruling and adopted the examiner's decision and findings as its own.

On January 31, 1997, Joyce's attorney filed a complaint in the circuit court requesting a review of LIRC's decision. Although Joyce was then deceased, the action nevertheless named "Joyce Naomi Hamm" as the sole plaintiff. Both Employers and LIRC were named as respondents. On February 21, 1997, Employers filed an answer denying that the credit calculation was improper and alleging, as an affirmative defense, that the complaint failed to state a claim for relief because "[Joyce] lacks the capacity to bring this action and is not a real party in interest, to wit [she] is deceased." On March 7, 1997, LIRC filed a motion to dismiss with prejudice based on the court's lack of subject matter jurisdiction. LIRC argued that Joyce was not a party in interest and lacked capacity to bring an action under § 102.23(1), STATS.

In documents filed in response to LIRC's motion, Joyce's attorney contended that Joyce, although deceased, remained the real party in interest. The attorney additionally included a statement by Raymond W. Hamm, Joyce's husband and personal representative of her estate, ratifying the action.

On December 1, 1997, the trial court issued a written decision affirming LIRC's order upholding Examiner Mitchell's credit calculation based on a 7% per annum rate. Since the court had ruled in favor of Employers and LIRC on the merits, the court concluded that it did not have to address LIRC's subject matter jurisdiction challenge.

A notice of appeal was then filed with this court on December 30, 1997, naming "Joyce Naomi Hamm and/or Raymond W. Hamm, Dependent and Personal Representative of the Estate of Joyce Naomi Hamm" as appellants.

## *DISCUSSION*

As a threshold issue, LIRC renews the argument it made in the circuit court, contending that the judicial review proceedings were undertaken without subject matter jurisdiction or competency to proceed because the named plaintiff in the circuit court action, Joyce Hamm, was not a party in interest and lacked the capacity to bring an action pursuant to § 803.01, STATS., because she was deceased when the circuit court action was filed. While we agree that a deceased person cannot be a party to an action, *see Brickley v. Neuling*, 256 Wis. 334, 336, 41 N.W.2d 284, 285 (1950), we nevertheless conclude that the circuit court acquired jurisdiction in this case based on Raymond's ratification of the action.[1]

---

[1] Although we, like the circuit court, ultimately rule for Employers and LIRC on the interest computation issue, we disagree with the circuit court's belief that it was not required to address the subject matter jurisdiction objection. We acknowledge that a trial or appellate court may properly "cut to the chase" and rule favorably on a party's ultimate issue without addressing the party's potentially dispositive threshold issue. But that is not the case with a subject matter jurisdiction objection. In order for a court to exercise its power over a case, it must have subject matter jurisdiction. *See P.C. v. C.C.*, 161 Wis. 2d 277, 297, 468 N.W.2d 190, 198 (1991). Thus, before we can even address the ultimate issue in this case, we must confirm that we have subject matter jurisdiction.

Section 803.01(1), STATS., provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Pursuant to this statute, Raymond was permitted to ratify the circuit court action within a reasonable time period after Employers by its answer and LIRC by its motion to dismiss challenged the commencement of the action in Joyce's name. Raymond did so. In response to the jurisdictional objections, Raymond filed a statement ratifying the circuit court proceeding commenced in Joyce's name. This satisfied § 803.01, STATS., and confirmed subject matter jurisdiction in the circuit court. That jurisdiction endures on this appeal.

■

We therefore turn to the merits of the case. The issue is whether the Department, and ultimately LIRC, correctly computed Employers' interest credit pursuant to § 102.32(6), STATS. Generally, the interpretation and application of statutes to undisputed facts are questions of law which we decide de novo. *See*

---

In fact, this court's internal operating procedures require the chief staff attorney to conduct a jurisdictional check in every appeal within one week after an appellate record is transmitted to the court. *See Wis. Ct. App. IOP* IV-A (June 13, 1994). While that process does not guarantee that every jurisdictional defect will be detected, it nonetheless demonstrates the importance of jurisdiction to the appellate process.

*School Bd. v. Bomber*, 214 Wis. 2d 397, 402, 571 N.W.2d 189, 192 (Ct. App. 1997). However, we afford varying degrees of deference when we review the decision of an administrative agency—great deference, due weight and de novo review. *See Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659–60, 539 N.W.2d 98, 102 (1995).

The parties differ over which degree of deference should be applied in this case. Raymond contends that LIRC's interpretation of § 102.32(6), STATS., is unreasonable, and thus, we should review its decision de novo. Employers and LIRC argue that this court should give great weight deference to LIRC's decision.

> Great weight deference is appropriate once a court has concluded that: (1) the agency was charged by the legislature with the duty of administering the statute; (2) that the interpretation of the agency is one of long-standing; (3) that the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) that the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Harnischfeger Corp.*, 196 Wis. 2d at 660, 539 N.W.2d at 102. Based on the application of these factors to the facts of this case, we conclude that we properly accord great weight deference to the LIRC ruling.

First, the Department of Industry, Labor and Job Development is charged with administering the worker's compensation laws, *see* § 102.14, STATS., and LIRC is charged with interpreting the statutes and making factual findings when resolving a worker's compensation dispute. *See Hagen v. LIRC*, 210 Wis. 2d

12, 19, 563 N.W.2d 454, 457 (1997). Second, the parties stipulated that "[t]he interest credit was computed at the rate of 7 percent per annum consistent with the Department's interpretation and practice since 1980." We agree with the circuit court that this presents a long-standing interpretation of § 102.32(6), STATS. Third, we are satisfied that LIRC employed its expertise and specialized knowledge in arriving at its interpretation of § 102.32(6). *See Harnischfeger*, 196 Wis. 2d at 660, 539 N.W.2d at 102 (explaining that LIRC has exercised its expertise in analyzing and interpreting worker's compensation laws for over eighty years). LIRC's continuing interpretation provides uniformity to the application of the statute.

However, even when we accord great weight deference to the agency decision, we will reverse the agency decision if its interpretation of a statute is unreasonable. *See Lisney v. LIRC*, 171 Wis. 2d 499, 506, 493 N.W.2d 14, 16 (1992). "A court does not . . . give deference to an agency's interpretation of a statute when the court concludes that the agency's interpretation directly contravenes the words of the statute, is clearly contrary to legislative intent, or is otherwise unreasonable or without rational basis." *Id.* The party seeking to overturn the agency action carries the burden of showing that the agency's interpretation is unreasonable. *See Harnischfeger*, 196 Wis. 2d at 661, 539 N.W.2d at 102. Here, we conclude that Raymond has failed to satisfy this burden.

The threshold question in determining whether LIRC's interpretation of a statute is unreasonable is whether the statute is ambiguous. *See id.* at 662, 539 N.W.2d at 103. We conclude, and the parties agree,

that § 102.32(6), STATS., is ambiguous as to whether the 7% credit granted to insurers who advance a lump sum payment of benefits is to be computed at a flat or per annum rate. The statute provides simply that "[t]he credit shall be computed at 7%." A statutory provision is ambiguous "if reasonable minds could differ as to its meaning." *Harnischfeger*, 196 Wis. 2d at 662, 539 N.W.2d at 103. Because § 102.32(6) fails to specify the method for calculating the 7% credit, we conclude that reasonable persons could differ as to its meaning.

Raymond contends that LIRC's interpretation of § 102.32(6), STATS., effectively rewrites the statute. However, as we have already noted, "[i]f the statute is ambiguous, an agency's interpretation cannot, by definition, be found to directly contravene it." *Harnischfeger*, 196 Wis. 2d at 662, 539 N.W.2d at 103. Because the statute fails to specify the method of calculating the 7% credit, LIRC's application of a 7% per annum rate, as opposed to a 7% flat rate, cannot be said to rewrite the statute.

Raymond further contends that the legislative history and purpose of § 102.32(6), STATS., do not support LIRC's application of a 7% per annum rate. Raymond correctly notes that the previous version of § 102.32(6), STATS., 1975, specified that the interest should be calculated using a rate of "3% per annum," while no such language exists in the current form of the statute. From this, Raymond concludes that the current statute requires an interest credit computed on the basis of a flat rate of 7%. We disagree that the mere absence of the former statutory language renders LIRC's interpretation unreasonable. At best, the absence of the former language renders the statute ambiguous. And, as we have already noted, our supreme court has cautioned that when a statute is ambiguous, we will not

overturn LIRC's interpretation of that statute unless it is unreasonable. *See Harnischfeger*, 196 Wis. 2d at 663, 539 N.W.2d at 103.

We conclude that LIRC's interpretation of § 102.32(6), STATS., is reasonable. The statute provides that permanent disability benefits "shall be made to the employe on a monthly basis" unless advance payments are approved by the Department. When such payments are approved, the interest credit provision compensates the employer or the employer's insurer for lost interest on the money paid in a lump sum—money which would have otherwise been paid out over time.

■

Interest compensates for the forbearance of the income-producing ability of money. *See Zintek v. Perchik*, 163 Wis. 2d 439, 479, 471 N.W.2d 522, 538 (Ct. App. 1991), *overruled on other grounds by Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995). LIRC's long-standing interpretation of § 102.32(6), STATS., which applies a 7% per annum rate results in appropriate compensation to the employer or the employer's insurer for the time value of money. With this principle in mind, we conclude that LIRC's interpretation of § 102.32(6) is well founded in commonsense principles of economics.

## CONCLUSION

We conclude that this court has subject matter jurisdiction to address the issues presented on appeal. According great weight deference to LIRC's long-standing interpretation of § 102.32(6), STATS., we uphold LIRC's interpretation of the statute as reasonable and in accord with the legislative intent of the statute. We affirm the circuit court's order upholding LIRC's appli-

cation of a 7% per annum rate in determining the interest credit.

*By the Court.*—Order affirmed.