Town of Merrimac, Plaintiff-Appellant,†

v.

Village of Merrimac, Defendant-Respondent.

Court of Appeals

*No. 2007AP2491. Submitted on briefs March 11, 2008.
—Decided May 22, 2008.*

2008 WI App 98

(Also reported in 753 N.W.2d 552.)

† Petition to review denied 9/11/08.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Natalie T. Bussan* of *Cross, Jenks, Mercer* and *Maffei*, Baraboo.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark R. Sewell* and *Mindy Rowland Buenger* of *DeWitt Ross & Stevens, S.C.*, Madison.

Before Dykman, Lundsten and Bridge, JJ.

¶ 1. LUNDSTEN J. The question before us is whether WIS. STAT. § 66.0217(11)(c) bars a town from contesting in court a particular type of annexation, namely, a direct annexation by unanimous approval under § 66.0217(2). The Village of Merrimac annexed property located in the Town of Merrimac under § 66.0217(2), and the Town brought suit. We agree with the circuit court that § 66.0217(11)(c) bars the Town's suit and that the Town may not obtain review of the annexation by the common law writ of certiorari. Accordingly, we affirm the circuit court.[1]

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## *Background*

¶ 2. Property owners in the Town petitioned the Village for a direct annexation by unanimous approval pursuant to WIS. STAT. § 66.0217(2).[2] The Village, in turn, passed an ordinance annexing the property.

¶ 3. The Town filed suit, alleging that the annexation was "void" because the annexed property was not contiguous to the Village. The complaint alleged that, at the closest point, twenty-four feet separate the property from the Village. The Town further alleged that the annexation was void because the Village failed to comply with a requirement in WIS. STAT. § 66.0217(14)(a) that the Village pay the Town a property tax set-off.

¶ 4. The Village moved to dismiss, and the circuit court granted the motion. The Town appealed.

## *Discussion*

¶ 5. The question before us is whether WIS. STAT. § 66.0217(11)(c) bars a town from contesting in court a

---

[2] WISCONSIN STAT. § 66.0217(2) provides:

> **(2)** DIRECT ANNEXATION BY UNANIMOUS APPROVAL. Except as provided in sub. (14), and subject to s. 66.0307(7), if a petition for direct annexation signed by all of the electors residing in the territory and the owners of all of the real property in the territory is filed with the city or village clerk, and with the town clerk of the town or towns in which the territory is located, together with a scale map and a legal description of the property to be annexed, an annexation ordinance for the annexation of the territory may be enacted by a two-thirds vote of the elected members of the governing body of the city or village without compliance with the notice requirements of sub. (4). In an annexation under this subsection, subject to sub. (6), the person filing the petition with the city or village clerk and the town clerk shall, within 5 days of the filing, mail a copy of the scale map and a legal description of the territory to be annexed to the department and the governing body shall review the advice of the department, if any, before enacting the annexation ordinance.

particular type of annexation, namely, a direct annexation by unanimous approval under § 66.0217(2). The interpretation and application of § 66.0217(11)(c) to undisputed facts is a question of law that we review *de novo*. *Hamm v. LIRC*, 223 Wis. 2d 183, 190, 588 N.W.2d 358 (Ct. App. 1998). We interpret statutes using the following method:

> [S]tatutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning.

*State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted).

¶ 6. The statutory provision at issue reads as follows:

> No action on any grounds, whether procedural or jurisdictional, to contest the validity of an annexation under sub. (2) [a direct annexation by unanimous approval], may be brought by any town.

Wis. Stat. § 66.0217(11)(c).

### 1. *"Contest The Validity"*

¶ 7. The Town first focuses on the phrase "contest the validity" in Wis. Stat. § 66.0217(11)(c). In the Town's view, asserting that an annexation is void is different than contesting the validity of an annexation. The Town appears to assert that "contesting" whether something is void makes no sense because, when something is void, there is nothing to "contest." We disagree.

758

As this case demonstrates, whether something is void is capable of being disputed and litigated and, therefore, "contested."

## 2. *"Validity"*

¶ 8. The Town also argues that the term "validity" in Wis. Stat. § 66.0217(11)(c) cannot refer to whether an annexation is void. The Town argues that the legislature is presumed to use terminology consistent with terminology used by the courts and, in *State ex rel. City of Madison v. Village of Monona*, 11 Wis. 2d 93, 104 N.W.2d 158 (1960), prior to the enactment of § 66.0217(11)(c), the supreme court used the term "validity" to refer to whether an annexation is "voidable," but not to whether an annexation is "void."

¶ 9. The Town misreads *Village of Monona*. Although that case implicates the technical distinction between an annexation ordinance that is "void" at its inception and one that is "voidable," nowhere does the opinion suggest that the term "validity" is limited to being a reference to something that is "voidable." *See id.* at 95–96.

¶ 10. The Town also points to instances in which the legislature has used both "void" and "invalid" (or "valid") in the same statute. *See* Wis. Stat. §§ 66.0203(8)(c)3. and 66.0703(10).[3] The Town argues

---

[3] Wisconsin Stat. § 66.0203(8)(c)3. provides:

> If the court determines that an annexation proceeding described under subd. 1. was initiated after, and within 30 days after, the publication of the notice under sub. (1), the annexation may not proceed until the validity of the incorporation has been determined. If the incorporation is determined to be valid and complete, the annexation is void. If the incorporation is determined to be invalid, the annexation may proceed.

that the legislature would not use both words in the same statute if the words did not refer to different situations. We do not agree.

¶ 11. First, our legislature sometimes uses more words than necessary without intending to add meaning. *See, e.g., Wood County v. Board of Vocational, Technical & Adult Educ.*, 60 Wis. 2d 606, 614–15, 211 N.W.2d 617 (1973) (legislature sometimes creates redundancies). Furthermore, the statutes the Town relies on, at most, demonstrate that "void" and "invalid" do not *necessarily* have the same meaning. The statutes do not establish that "validity" never refers to whether something is not "void," nor do they establish that the legislature intended a narrow definition of "validity" in the specific context of Wis. Stat. § 66.0217(11)(c).

¶ 12. We see nothing in Wis. Stat. § 66.0217(11)(c) suggesting some special or technical definition for "validity" and, therefore, we look to the common meaning of the word. One dictionary defines "valid" as "having legal strength or force : incapable of being rightfully overthrown or set aside," and defines "invalid" as "indefensible" or "unjustified." Webster's Third New International Dictionary 2529, 1188 (unabr. ed. 1993). Black's Law Dictionary defines "valid" as "[l]egally sufficient; binding" or as "[m]eritorious." Black's Law Dictionary 1586 (8th ed. 2004). Black's defines "invalid" as "[n]ot legally binding" or "[w]ithout basis in fact." *Id.* at 843. *See State v. Harmon*, 2006 WI App 214, ¶ 11, 296 Wis. 2d 861, 723 N.W.2d 732 ("The common meaning of a word may be ascertained by resort to a dictionary."),

---

Wisconsin Stat. § 66.0703(10) refers to whether an assessment is "void or invalid."

*review denied,* 2007 WI 59, 299 Wis. 2d 326, 731 N.W.2d 637 (No. 2005AP2480–CR).

■■■

¶ 13. These definitions show that the term "valid" and its opposite, "invalid," are broad terms and that "invalid" generally encompasses the narrower concept of an act that is "void." We conclude, therefore, that under WIS. STAT. § 66.0217(11)(c) an action to "contest the validity" of an annexation plainly includes actions challenging an annexation as void.

¶ 14. This conclusion is confirmed by the statute's legislative history. *See Kalal,* 271 Wis. 2d 633, ¶ 51 ("[L]egislative history is sometimes consulted to confirm or verify a plain-meaning interpretation."). The Legislative Reference Bureau's analysis accompanying the substitute amendment that resulted in the addition of paragraph (c) to WIS. STAT. § 66.0217(11) states as follows: "Under this substitute amendment, no town may bring an action to challenge on any grounds a direct annexation by unanimous approval." 2003 Wis. Act 317, Legislative Drafting Record, Assembly Substitute Amendment 1, Analysis by the Legislative Reference Bureau, at 2.

### *3. WIS. STAT. § 66.0217(14)(b)1.*

■■■

¶ 15. The Town makes an additional argument based on WIS. STAT. § 66.0217(14)(b)1., which provides:

> (b) No territory may be annexed by a city or village under this section if no part of the city or village is located in the same county as the territory that is subject to the proposed annexation unless all of the following occur:

1. The town board adopts a resolution approving the proposed annexation.

The Town argues that if § 66.0217(11)(c) is construed to bar towns from pursuing an action to declare an annexation void for failing to comply with § 66.0217(14)(b)1., then a municipality could annex property without regard to any approving resolution by the town, rendering subd. (14)(b)1. meaningless. We disagree. It may be true that, by barring town actions under § 66.0217(11)(c), the legislature has prevented towns from enforcing subd. (14)(b)1. in the case of direct annexations by unanimous approval. But that result does not render subd. (14)(b)1. meaningless. Subdivision (14)(b)1. still applies to annexations other than direct annexations by unanimous approval.

*4. WIS. STAT. § 66.0217(14)(a)1.*

██

¶ 16. The Town also relies on WIS. STAT. § 66.0217(14)(a)1., which requires that an annexing municipality agree to pay a town a property tax set-off.[4] The Town argues that, if towns are prohibited from enforcing subd. (14)(a)1., there is no enforcement mechanism for subd. (14)(a)1. because towns are the only beneficiaries of payments under that subdivision. The Town argues that such a result is absurd, unreasonable, and unworkable. We reject this argument. It may be true that towns may not use the threat of

---

[4] WISCONSIN STAT. § 66.0217(14)(a)1. provides:

Except as provided in subd. 2., no territory may be annexed by a city or village under this section unless the city or village agrees to pay annually to the town, for 5 years, an amount equal to the amount of property taxes that the town levied on the annexed territory, as shown by the tax roll under s. 70.65, in the year in which the annexation is final.

challenging an annexation to compel payments under subd. (14)(a)1., but the Town does not explain why it could not use other means of compelling the Village to pay the property tax set-off it owes the Town.

### 5. Common Law Writ Of Certiorari

¶ 17. In the circuit court, the Town argued that, regardless of WIS. STAT. § 66.0217(11)(c), it may bring its challenge to the annexation by a common law writ of certiorari. The Town seems to be arguing that it has a right to certiorari review because certiorari review is available whenever statutory review is inadequate or unavailable. The Town cites several cases in support of this argument, but none apply here. The cases the Town relies on address situations where the legislature was *silent* on the means for review, or where the legislature *provided* a statutory means of review, albeit one that was more limited than what is available by writ of certiorari. *See State v. Goulette*, 65 Wis. 2d 207, 208, 212–15, 222 N.W.2d 622 (1974); *State ex rel. Hippler v. City of Baraboo*, 47 Wis. 2d 603, 608–09, 611–12, 178 N.W.2d 1 (1970); *State ex rel. Kaczkowski v. Fire & Police Comm'rs of City of Milwaukee*, 33 Wis. 2d 488, 495–96, 500–02, 148 N.W.2d 44 (1967); *Tomaszewski v. Giera*, 2003 WI App 65, ¶¶ 15–17, 260 Wis. 2d 569, 659 N.W.2d 882. Here, in contrast, the legislature expressly and unequivocally barred towns from obtaining review.[5]

---

[5] The Town also cites *Borgnis v. Falk Co.*, 147 Wis. 327, 359, 133 N.W. 209 (1911), but that case is also inapplicable. *Borgnis* addressed the constitutionality of worker's compensation acts. *See id.* at 331–32, 336–39, 347, 358. One of those acts created the Industrial Commission (now called the Labor & Industry Review Commission). *Id.* at 346, 358. In the portion of the case the Town cites, the court was explaining that such agencies are

¶ 18. The Town also argues that WIS. STAT. § 66.0217(11)(c) prohibits "action[s]" and that the common law writ of certiorari is not an action. For support, the Town relies on *Consolidated Apparel Co. v. Common Council of City of Milwaukee*, 14 Wis. 2d 31, 35–36, 109 N.W.2d 486 (1961), a decision that suggests the term "action" sometimes includes the common law writ of certiorari and sometimes does not, depending on the context. We deem this argument undeveloped. The Town points to nothing in *Consolidated Apparel* that sheds light on whether we should construe "action" under § 66.0217(11)(c) as excepting the common law writ of certiorari. We address the argument no further. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not address arguments that are inadequately developed).

### Conclusion

¶ 19. We conclude that WIS. STAT. § 66.0217(11)(c) bars a town from contesting in court a particular type of annexation, namely, a direct annexation by unanimous approval under § 66.0217(2). Consequently, we need not address the merits of the Town's attack on the validity of the annexation, specifically, whether the annexation is void because the annexed property is not contiguous with Village property and because the Town failed to comply with the property tax set-off requirement. We affirm the circuit court.

*By the Court.*—Order affirmed.

constitutional because, among other reasons, certiorari review of their decisions is always available. *See id.* at 358–61.