STATE of Wisconsin, Plaintiff-Respondent,

v.

Ross B. BRANDT, Defendant-Appellant.

Court of Appeals

*No. 2008AP550–CR. Submitted on briefs September 8, 2008.*
*—Decided July 16, 2009.*

2009 WI App 115

(Also reported in 772 N.W.2d 674.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John M. Yackel* of *Wendorff, Ellison & David, LLP*, Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Rebecca Rapp St. John*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Dykman and Vergeront, JJ.

¶ 1. HIGGINBOTHAM, P.J. Ross B. Brandt appeals a judgment convicting him of three charges of hit and run causing personal injury contrary to WIS. STAT.

§§ 346.67(1) and 346.74(5)(b) (2007–2008).[1] He contends that the charges are misdemeanors under the Wisconsin Statutes and not felonies, and therefore the criminal complaint should be dismissed since it classifies the violations as felonies.[2] We disagree and conclude that the charges are felonies. We therefore affirm.

## BACKGROUND

¶ 2. The State filed a criminal complaint against Brandt charging him with operating a motor vehicle involved in an accident resulting in personal injury and failing to remain at the scene of the accident, contrary to WIS. STAT. §§ 346.67(1) and 346.74(5)(b). The complaint states that these violations are felonies, citing § 346.74(5)(e).

¶ 3. Brandt filed a motion to dismiss, alleging that the violations are not felonies. The circuit court denied the motion, and sentenced Brant to six months in jail and two years' probation. This appeal follows.

## DISCUSSION

¶ 4. In this case we must determine whether the crime of hit and run causing injury, but not serious bodily harm, is a felony or a misdemeanor. Resolving this question requires statutory interpretation, which

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] Brandt contends, without argument or authority, that he is entitled to dismissal of the criminal complaint for the alleged charging error. Because we conclude that hit and run involving injury is a felony under WIS. STAT. § 346.74(5)(e), and therefore no charging error occurred, we do not address the question whether dismissal is the proper remedy for a charging error of the kind alleged here.

we review de novo. *DOR v. Menasha Corp.*, 2008 WI 88, ¶ 44, 311 Wis. 2d 579, 754 N.W.2d 95.

¶ 5. "[S]tatutory interpretation begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). While legislative history is generally employed only to resolve ambiguous statutory language, it "is sometimes consulted to confirm or verify a plain-meaning interpretation." *Id.*, ¶ 51. Furthermore, "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.*, ¶ 46. In cases where two or more statutes relate to the same subject matter, "the more specific statute controls over the general statute." *State v. Machgan*, 2007 WI App 263, ¶ 7, 306 Wis. 2d 752, 743 N.W.2d 832.

¶ 6. Several statutes are relevant to the present case. Brandt was charged with violating WIS. STAT. § 346.67(1), which provides in relevant part that "[t]he operator of any vehicle involved in an accident resulting in injury to . . . any person shall immediately stop such vehicle at the scene of the accident." Brandt was sentenced in accordance with WIS. STAT. § 346.74(5)(b), which establishes a maximum of nine months' imprisonment when the accident involves injury to a person but not great bodily harm. Offenses punishable by a maximum period of incarceration of less than one year are ordinarily classified as misdemeanors under WIS. STAT. §§ 939.60 and 973.02.[3] However, § 346.74(5)(e)

---

[3] WISCONSIN STAT. § 939.60 provides that "[a] crime punishable by imprisonment in the Wisconsin state prisons is a felony. Every other crime is a misdemeanor." WISCONSIN STAT. § 973.02

states that a violation of § 346.67(1) is "a felony if the accident involved death or injury to a person."

¶ 7. Brandt contends that WIS. STAT. § 346.74(5) is inconsistent with the general principles of felony classification promulgated by WIS. STAT. §§ 939.60 and 973.02, citing *State ex rel. McDonald v. Circuit Court for Douglas County*, 100 Wis. 2d 569, 579, 302 N.W.2d 462 (1981). In that case, the court read WIS. STAT. §§ 346.67(1) and 346.74(5) together with §§ 939.60 and 973.02 to conclude that because a violation of § 346.67(1) involving injury to a person but not serious bodily harm carried a maximum punishment of at least one year of imprisonment at that time, it was properly classified as a felony. Twenty years after the *McDonald* ruling, the legislature enacted 2001 Wis. Act 109, which reduced the punishment for violations of § 346.67(1) resulting in injury but not serious bodily harm to a maximum of nine months' incarceration. Applying the reasoning of *McDonald* to the present case, Brandt argues that since his violation is punishable by a maximum of less than one year of incarceration, it should be classified as a misdemeanor.

¶ 8. However, while WIS. STAT. §§ 939.60 and 973.02 involve the general categorization of crimes as felonies and misdemeanors, WIS. STAT. § 346.74(5)(e) specifically applies to the violations. Any inconsistency is therefore resolved by the principle that when two or

provides, in relevant part, that "if a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, a sentence of less than one year shall be to the county jail." Read together, these statutes indicate that crimes subject to a maximum period of incarceration of less than one year are generally classified as misdemeanors, because they are not punishable by imprisonment in the Wisconsin state prisons.

88

more statutes relate to the same subject matter, the more specific statute controls. *Machgan*, 306 Wis. 2d 752, ¶ 7. This conflict was not present in *McDonald*, as the application of § 939.60 and § 973.02 in that case was consistent with the language of § 346.74(5)(e). Because the specific language of § 346.74(5)(e) stating that the offense is a felony controls in this case, the 2001 amendment to § 346.74(5)(b) reducing the maximum punishment to less than one year of imprisonment did not change the offense to a misdemeanor.

¶ 9. Brandt also argues that a close reading of Wis. Stat. § 346.74(5) as a whole suggests an interpretation which designates his offenses as misdemeanors. He points to subsections (c) and (d) of that statute, which explicitly classify violations of Wis. Stat. § 346.67(1) resulting in serious bodily harm or death as Class E or Class D felonies, respectively. Brandt asserts that the legislature would have included similar language in subsection (b) had it intended for violations resulting in injury but not serious bodily harm to be felonies, and as a result this subsection is best understood as creating a misdemeanor.

¶ 10. However, this interpretation ignores the plain language of Wis. Stat. § 346.74(5)(e) designating violations resulting in injury as felonies. Furthermore, since violations resulting in death and serious bodily harm are already classified in subsections (c) and (d), interpreting subsection (e) in a way that excludes its application to violations resulting in injury but not serious bodily harm would render it superfluous. In order to give reasonable effect to every word of the statute, subsections (b) and (e) must be interpreted as creating a non-classified felony rather than a misdemeanor for violations resulting in injury but not serious bodily harm. This plain meaning interpretation is sup-

89

ported by the legislative history of the statute, which "reveal[s] a clear intent that failing to return to the scene of an accident involving . . . injury to a person be a felony." *McDonald*, 100 Wis. 2d at 579 (discussing Chapter 427, Laws of 1935).

## CONCLUSION

¶ 11. We conclude that the complaint against Brandt correctly classified the charges of hit and run causing injury as felonies because WIS. STAT. § 346.74(5)(e) specifically provides that the offenses are felonies, despite the fact that the offense carries a maximum penalty of less than one year of incarceration. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.