DARBOY JOINT SANITARY DISTRICT NO. 1
and Town of Harrison, Plaintiffs-Appellants,†

v.

CITY OF KAUKAUNA, Wisconsin,
Defendant-Respondent

Court of Appeals

*No. 2012AP2639. Submitted on briefs June 4, 2013.
—Decided August 6, 2013.*

2013 WI App 113

(Also reported in 838 N.W.2d 103.)

† Petition for Review filed 10-7-13.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Andrew J. Rossmeissl* of *Herrling Clark Law Firm LTD.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Carl A. Sinderbrand* of *Axley Brynelson, LLP.*, Milwaukee.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. The Town of Harrison ("the Town") and the Darboy Joint Sanitary District No. 1 ("the Sanitary District") appeal from the circuit court's orders: (1) granting the City of Kaukauna's ("the City") motion to dismiss the complaint and denying the Town and the Sanitary District's motion for summary judgment; and (2) denying the Town and the Sanitary District's motions for reconsideration and injunctive relief. The circuit court concluded that neither the Town nor the Sanitary District had standing to bring a claim challenging the City's purportedly unanimous

annexation, pursuant to WIS. STAT. § 66.0217(2) (2009–10),[1] of eight acres of land previously within the Town and serviced by the Sanitary District ("the Subject Territory"). The Town and the Sanitary District disagree with the circuit court's conclusion, arguing that not only do they each have standing to bring a claim against the City, but that the City's annexation of the Subject Territory was improper. For the reasons which follow, we affirm the circuit court.

## BACKGROUND

¶ 2. On October 19, 2010, the City adopted Ordinance No. 1644. According to the Ordinance, a Petition for Direct Annexation, signed by John L. Van Treeck and John J. Van Treeck, the sole owners of the Subject Territory, had been filed with the City's Clerk/Treasurer and the Town's Clerk. Accompanying the Petition was a scale map and a legal description of the property to be annexed, showing the boundaries of the Subject Territory and the relation of the Subject Territory to the City. The Ordinance proclaimed, pursuant to WIS. STAT. § 66.0217,[2] that the Subject Territory was being annexed for purposes of providing municipal services.

¶ 3. The Subject Territory is located solely in Calumet County, and the City is located solely in Outagamie County. The Town Board never adopted a resolution approving the annexation. To the contrary,

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] The Ordinance itself does not specify on which subsection of WIS. STAT. § 66.0217 its annexation of the Subject Territory relies. It only generally states that "there has been due compliance with all requirements of Section 66.0217 of the Wisconsin State Statutes."

the Town Board adopted a resolution formally disapproving the annexation.

¶ 4. In January 2011, the Town and the Sanitary District filed suit against the City, alleging that Ordinance No. 1644 did not comport with the requirements of WIS. STAT. § 66.0217(14).[3] The City filed a motion to dismiss, arguing that none of the plaintiffs had standing to challenge the annexation. The Town and the Sanitary District disagreed and filed a motion for summary judgment.

¶ 5. Following an incredibly thorough and well-reasoned oral decision, the circuit court agreed with the City on all grounds. The circuit court dismissed the Town's claims, concluding that WIS. STAT. § 66.0217(11)(c) bars towns from pursuing an action to declare an annexation void for failure to comply with § 66.0217(2). The circuit court dismissed the Sanitary District's claims, concluding that the Sanitary District did not have a legal interest protected by § 66.0217 and therefore also lacked standing to bring the case. The circuit court also denied the Town and the Sanitary District's subsequent motions for reconsideration and injunctive relief. The Town and the Sanitary District appeal.

## DISCUSSION

¶ 6. The Town and the Sanitary District challenge the circuit court's decision that neither plaintiff has standing. They also contend that Ordinance No. 1644 is invalid because it does not comport with the requirements of WIS. STAT. § 66.0217(2) in that the Town Board did not approve of the proposed annexation pursuant to

---

[3] A third plaintiff also joined in the lawsuit. However, the third plaintiff was dismissed from the case and his interests are not before us on appeal.

§ 66.0217(14)(b)1. Because we agree with the circuit court that neither party has standing to bring a claim challenging Ordinance No. 1644, we need not address the validity of the Ordinance. We address the standing of each plaintiff in turn.

## I. WISCONSIN STAT. § 66.0217(11)(c) prohibits the Town from challenging whether Ordinance No. 1644 complies with § 66.0217(2).

■

¶ 7. Resolution of this appeal requires construction of three subsections of WIS. STAT. § 66.0217. The City claims that Ordinance No. 1644 is a declaration of annexation based upon § 66.0217(2) and that the Town lacks standing to challenge the annexation based on § 66.0217(11)(c). The Town contends that it has standing despite the bar in § 66.0217(11)(c) because the City's purported annexation under § 66.0217(2) violated subsection § 66.0217(14)(b)1. We discuss each of the three subsections in turn below.

¶ 8. WIS. STAT. § 66.0217(2) permits a city to annex a contiguous property if all of the voters and property owners within the property agree to annexation and file a petition requesting annexation. Section 66.0217(2) states, in relevant part:

> DIRECT ANNEXATION BY UNANIMOUS APPROVAL. Except as provided in this subsection and sub. (14), . . . if a petition for direct annexation signed by all of the electors residing in the territory and the owners of all of the real property in the territory is filed with the city or village clerk, and with the town clerk of the town or towns in which the territory is located, together with a scale map and a legal description the property to be annexed, an annexation ordinance for the annexation of the territory may be enacted by a two-thirds vote of the elected members of the governing body of the city or

441

village without compliance with the notice requirements
of sub. (4)...... No territory may be annexed by a city or
village under this subsection unless the territory to be
annexed is contiguous to the annexing city or village.

Because a petition for annexation by all of the property
owners in the Subject Territory was the genesis for the
annexation in this case, the City argues that the annex-
ation was one pursuant to § 66.0217(2). As such, the City
contends that the Town is clearly and unambiguously
prevented from challenging the annexation under
§ 66.0217(11)(c). Section 66.0217(11)(c) states: "No ac-
tion on any grounds, whether procedural or jurisdic-
tional, to contest the validity of an annexation under
sub. (2), may be brought by any town." The circuit court
agreed with the City that § 66.0217(11)(c) barred the
Town from bringing its lawsuit.

¶ 9. The Town argues that Wis. Stat.
§ 66.0217(11)(c) does not act to bar its suit unless the
City can first show that its purported annexation meets
the requirements of § 66.0217(2). The Town claims that
the City has not made that showing here, and in fact, the
Town alleges that the City cannot make that showing
because the Town Board did not adopt a resolution
approving the annexation pursuant to § 66.0217(14)(b)1.
Section 66.0217(14)(b)1. States:

No territory may be annexed by a city or village under
this section if no part of the city or village is located in
the same county as the territory that is subject to the
proposed annexation unless all of the following occur:

1. The town board adopts a resolution approving the
 proposed annexation.

As additional arguments in support of its assertion that
it has standing in this matter, the Town relies on Wis.

STAT. §§ 66.0233 and 60.06, which it contends generally grant towns standing in such matters, and in the alternative, WIS. STAT. § 806.04, the Uniform Declaratory Judgments Act.

¶ 10. The Town's argument presents an issue of statutory interpretation, which we review *de novo. See State v. Brandt*, 2009 WI App 115, ¶ 4, 321 Wis. 2d 84, 772 N.W.2d 674. The purpose of statutory interpretation is to discern the intent of the legislature. *State v. Byers*, 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used. *Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶ 16, 290 Wis. 2d 421, 714 N.W.2d 130. "If we conclude the statutory language is plain, then we apply its plain meaning." *JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 24, 311 Wis. 2d 715, 753 N.W.2d 536.

¶ 11. We conclude that the plain language of WIS. STAT. § 66.0217(11)(c) is unambiguous: "No action *on any grounds,* whether procedural or jurisdictional, to contest the validity of an annexation under sub. (2), may be brought by any town." (Emphasis added.) The phrase "on any grounds," by its plain terms, includes the Town's procedural challenge to Ordinance No. 1644 based upon the Town's allegations that the City did not meet the criteria set forth in § 66.0217(2) for annexation because the City did not obtain the Town Board's approval pursuant to § 66.0217(14)(b)1.

¶ 12. In so holding, we reject the Town's argument that before WIS. STAT. § 66.0217(11)(c) can act to bar the Town's suit against the City, the City must show that the annexation under § 66.0217(2) was valid. The Town's construction would render meaningless the

statutory words "on any grounds, whether procedural or jurisdictional." *See* § 66.0217(11)(c). And, as the City correctly points out, we have already expressly rejected this argument in *Town of Merrimac v. Village of Merrimac*, 2008 WI App 98, 312 Wis. 2d 754, 753 N.W.2d 552.

¶ 13. In *Merrimac*, we held that "WIS. STAT. § 66.0217(11)(c) bars a town from contesting in court a particular type of annexation, namely, a direct annexation by unanimous approval under § 66.0217(2)." *Merrimac*, 312 Wis. 2d 754, ¶ 19. There, several property owners in the town petitioned the village for a direct annexation, pursuant to § 66.0217(2). *Merrimac*, 312 Wis. 2d 754, ¶ 2. The village passed an ordinance annexing the property. *Id.* The town brought suit, arguing that the annexation was void because the annexed property was not contiguous to the village and because the village failed to pay the town a property tax set-off. *Id.*, ¶ 3.

¶ 14. Because it knew that WIS. STAT. § 66.0217(11)(c) barred towns from "contest[ing] the validity of the annexation under sub. (2)," the town in *Merrimac* argued that it was merely challenging the annexation as "void" because of the city's noncompliance with § 66.0217(14)(b)1. *Merrimac*, 312 Wis. 2d 754, ¶ 11. We concluded that challenging the annexation as void was the same as contesting its validity and that both were barred by § 66.0217(11)(c). *Merrimac*, 312 Wis. 2d 754, ¶ 13.

¶ 15. Here, the Town argues that the WIS. STAT. § 66.0217(2) direct annexation was improper because the City did not comply with § 66.0217(14)(b)1., which it alleges is subsumed in § 66.0217(2). In other words, the Town is claiming that the annexation here was invalid. However, the statutory language of § 66.0217(11)(c) clearly and unambiguously prohibits the Town from

challenging the annexation.[4] Contrary to the Town's argument that construing the statute as we do would render § 66.0217(14)(b)1. meaningless, we have already concluded in *Merrimac* that a town may challenge *other* types of annexation under § 66.0217(14)(b)1., just not a direct annexation by unanimous consent under § 66.0217(2). *See Merrimac*, 312 Wis. 2d 754, ¶ 15.

---

[4] WISCONSIN STAT. § 66.0217(11)(c) has since been amended to permit towns to challenge purported § 66.0217(2) annexations under certain, limited circumstances. *See* 2011 Wis. Act 128, § 2; *see also* WIS. STAT. § 66.0217(11)(c) (2011–12). The 2011–12 version of the statute states:

> *Except as provided in sub. (6)(d)2.,* no action on any grounds, whether procedural or jurisdictional, to contest the validity of an annexation under sub. (2), may be brought by any town.

(Emphasis added.) Section 66.0217(6)(d) now permits a circuit court challenge by a town when the following requirements are all met:

> *Direct annexation by unanimous approval.* 1. Upon the request of the town affected by the annexation, the [Department of Administration] shall review an annexation under sub. (2) to determine whether the annexation violates any of the following, provided that the town submits its request to the department within 30 days of the enactment of the annexation ordinance:
>
> a. The requirement under sub. (2) regarding the contiguity of the territory to be annexed with the annexing city or village.
>
> b. The requirement under sub. (14) (b).
>
> 2. Following its review, and within 20 days of receiving the town's request, the department shall send a copy of its findings to any affected landowner, the town affected by the annexation, and the annexing city or village. If the department does not complete its review and send a copy of its findings within 20 days of receiving the town's request, the effect on the town and the annexing city or village shall be the same as if the department found no violation of the requirements specified in subd. 1. If the department finds that an annexation violates any requirement specified in subd. 1., the town from which territory is annexed may, within 45 days of its receipt of the department's findings, challenge the annexation in circuit court.

¶ 16. Next, the Town relies on WIS. STAT. § 66.0233[5] and WIS. STAT. § 60.06[6] for the proposition that it has standing. Even if we accept the Town's argument that both §§ 66.0233 and 60.06 generally permit towns standing to challenge annexations, WIS. STAT. § 66.0217(11)(c) is the more specific statute that prohibits towns from challenging this particular type of annexation, that is, annexations pursuant to § 66.0217(2). *See Merrimac*, 312 Wis. 2d 754, ¶ 19. It is a basic rule of statutory construction that "[w]here two statutes apply to the same subject, the more specific controls." *See Clean Wis., Inc. v. Public Serv. Comm'n of Wis.*, 2005 WI 93, ¶ 175, 282 Wis. 2d 250, 700 N.W.2d 768. That is the case here.

¶ 17. The Town's argument that it has standing under the Uniform Declaratory Judgments Act, WIS. STAT. § 806.04,[7] is also without merit. Again, WIS. STAT.

---

[5] WISCONSIN STAT. § 66.0233 states:

**Town participation in actions to test alterations of town boundaries.** In a proceeding in which territory may be attached to or detached from a town, the town is an interested party, and the town board may institute, maintain or defend an action brought to test the validity of the proceedings, and may intervene or be impleaded in the action.

[6] WISCONSIN STAT. § 60.06 states:

**Validity of attachment or detachment.** The town board may bring an action to test the validity of an ordinance attaching or detaching all or part of the territory of the town to or from any town, village or city. Any expense incurred by the town board and its agents, attorneys and representatives in the action shall be paid by the town.

[7] WISCONSIN STAT. § 806.04 provides, in pertinent part:

**(2)** POWER TO CONSTRUE, ETC. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a

§ 66.0217(11)(c) is the more specific statute and therefore it controls, *see Clean Wis., Inc.,* 282 Wis. 2d 250, ¶ 175, and the Town does not offer any authority for its proposition that the declaratory judgment statute can be used to do an end run around § 66.0217(11)(c). Furthermore, that argument is inconsistent with the holding and underlying analysis in *Merrimac,* and would render § 66.0217(11)(c) meaningless. *See State v. Setagord,* 211 Wis. 2d 397, 427, 565 N.W.2d 506 (1997) ("Statutes are to be construed to avoid rendering any part of the statute meaningless or superfluous.").

¶ 18. In short, the language of Wis. Stat. § 66.0217(11)(c) is clear and, together with our precedent in *Merrimac,* acts to bar the Town from bringing a lawsuit alleging that Ordinance No. 1644 is invalid under § 66.0217(2).

## II. The Sanitary District lacks standing to challenge Ordinance No. 1644 because it does not have a legally protectable interest under the Wis. Stat. ch. 66 statutory scheme.

¶ 19. The action filed by the Town and the Sanitary District was initiated as a declaratory judgment action pursuant to Wis. Stat. § 806.04. To maintain an action for declaratory judgment, there must be a justi-

statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
. . . .

(12) Construction. This section is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered.

ciable controversy. *Chenequa Land Conservancy, Inc. v. Village of Hartland*, 2004 WI App 144, ¶ 11, 275 Wis. 2d 533, 685 N.W.2d 573. A justiciable controversy exists when all of the following requirements are met:

(1) A controversy in which a claim of right is asserted against one who has an interest in contesting it.

(2) The controversy must be between persons whose interests are adverse.

(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

(4) The issue involved in the controversy must be ripe for judicial determination.

*Id.* Here, the parties only argue over whether requirement three has been satisfied, that is, whether the Sanitary District's interest in the annexation of the Subject Territory is a legally protectable interest. *See id.*, ¶ 12. "The third requirement is often expressed in terms of standing." *Id.* "Whether a party has standing presents a question of law, which we review de novo." *Id.*

■■ ■■

¶ 20. "To have standing, a party must 'have suffered or be threatened with an injury to an interest that is legally protectible, meaning that the interest is arguably within the zone of interests' that a statute or constitutional provision, under which the claim is brought, seeks to protect." *Zehner v. Village of Marshall*, 2006 WI App 6, ¶ 11, 288 Wis. 2d 660, 709 N.W.2d 64 (citation omitted).

¶ 21. We indirectly addressed the "zone of interests" of WIS. STAT. § 66.0217 in *Village of Slinger v. City of Hartford*, 2002 WI App 187, 256 Wis. 2d 859, 650

N.W.2d 81, where abutting property owners challenged annexation. *See id.*, ¶¶ 1, 3 &14. In rejecting their challenge we stressed that the legislature did not include in the annexation statutory scheme a right for abutting landowners to challenge annexation. *Id.*, ¶ 14.

¶ 22. Traditionally, that is, "[p]rior to the enactment of the annexation statute in 1933, neither a town in which the annexed territory was located, nor its citizens, other than those residing or owning property within the limits of the territory being annexed, had a legal interest in the annexation." *Id.*, ¶ 13. As such, "the law essentially excluded any individuals other than those residing within the annexed township from objecting; indeed, the law even prohibited townships whose territory was being annexed from being heard." *Id.* As we noted in *Village of Slinger*, while the legislature has since decided to extend standing to challenge annexations to affected towns, *see* Wis. Stat. § 66.0233, it has not chosen to extend standing to other potentially affected parties like landowners of abutting property. *See Village of Slinger*, 256 Wis. 2d 859, ¶ 14 ("[I]f the legislature had intended to expand [the right to challenge an annexation] to [other] individuals . . . who do not . . . live in any of the territory affected, it would have so provided in the legislation."). We similarly conclude here that the legislature has not expanded the right to challenge an annexation to sanitary districts and therefore the Sanitary District does not have standing to bring its claim.

¶ 23. Nonetheless, the Sanitary District argues here that Wis. Stat. § 60.79 *implicitly* grants it standing to challenge the annexation. Section 60.79 addresses the effect of annexations on the territory of town sanitation districts. It sets forth one set of rules when annexation affects all of a sanitary district's territory, and a slightly different set of rules when annexation

449

affects only part of a sanitary district's territory. Section 60.79(1) states, in relevant part:

INCORPORATION OR ANNEXATION OF ENTIRE TOWN SANITARY DISTRICT. If any territory which includes an entire town sanitary district is incorporated as a city or village or if the territory is annexed by a city or village:

(a) The incorporation or annexation dissolves the district without further action by the commission or the town board and without any right to appeal the dissolution.

(b) The property of the district passes to the city or village and the city or village shall assume all assets and liabilities of the district . . . .

(Emphasis added.) Section 60.79(2) states, in relevant part:

INCORPORATION OR ANNEXATION OF PART OF A TOWN SANITARY DISTRICT. (a) The incorporation or annexation of territory within the town sanitary district detaches that territory from the district.

Because § 60.79(1) expressly precludes a sanitary district from taking any action to challenge an annexation when its entire territory has been subsumed by an annexation, the Sanitary District argues that § 60.79(2), by its silence, must be interpreted to permit such challenges when only a partial taking of a sanitary district's territory has occurred. As such, because here only a partial taking of the Sanitary District's territory occurred, the Sanitary District believes it has standing. We disagree, however, that § 60.79(2)'s silence directs such a result.

¶ 24. First, as we stated above, "[t]o have standing, a party must 'have suffered or be threatened with an injury to an interest that is legally protectible, meaning that the interest is arguably within the zone of

450

interests' that a statute or constitutional provision, *under which the claim is brought, seeks to protect." Zehner*, 288 Wis. 2d 660, ¶ 11 (emphasis added; citation omitted). And we have previously concluded that abutting landowners did not have a legally protected interest that conveyed standing. *Village of Slinger*, 256 Wis. 2d 859, ¶ 13. Here, the Sanitary District, like abutting landowners, has no legally protected interest. Further, WIS. STAT. § 66.0217 conveys no legally protected interest to the Sanitary District.[8] The Sanitary District directs us to no statute in WIS. STAT. ch. 66 that would indicate that the legislature intended to permit sanitary districts the right to challenge annexations. And the Sanitary District does not argue that it is challenging the annexation pursuant to any statute in WIS. STAT. ch. 60.

¶ 25.　Second, local units of government, like sanitary districts, "have only such powers as are expressly conferred upon them by the legislature or are necessar-

---

[8] The Sanitary District makes a point of stating that, unlike the Town, it "is not asserting that [the City] violated [WIS. STAT.] § 66.0217(14)" and "is not seeking relief under any other subsection of § []66.0217." Instead, the Sanitary District argues that it "is asserting that the Subject Territory was not legally detached from the district because the purported annexation was not authorized by the Legislature under any of the enabling statutes." However, other than directing us to refer to "Section I" of its brief, which appears to be the appellant's argument that the Town has standing, the Sanitary District does not specify what "enabling statutes" other than those set forth in § 66.0217 on which it relies. As such, we conclude that the Sanitary District brings its claim under § 66.0217, the statute setting forth the requirements for annexation by electors and property owners, and look to whether that statute's "zone of interests" include those alleged interests of the Sanitary District. *See Zehner v. Village of Marshall*, 2006 WI App 6, ¶ 11, 288 Wis. 2d 660, 709 N.W.2d 64 (citation omitted).

451

ily implied from the powers conferred." *See Willow Creek Ranch v. Town of Shelby*, 2000 WI 56, ¶ 17, 235 Wis. 2d 409, 611 N.W.2d 693. The Sanitary District as much as admits that the power to challenge an annexation is not "expressly" conferred upon it by statute. Instead, it asks us to conclude that such power has been implied by Wis. Stat. § 60.79(2). We decline to do so. While the Sanitary District argues that, a statute, § 60.79(2), by its silence, suggests that sanitary districts have the authority to challenge annexations, the Sanitary District has made no argument that the ability to challenge an annexation is "necessarily implied from the *powers* conferred" upon sanitary districts by the legislature.

¶ 26. We are also unconvinced by the Sanitary District's argument that Wis. Stat. § 806.04, the Uniform Declaratory Judgments Act, grants it standing. As we set forth above, § 806.04 does not in and of itself create standing. A party, like the Sanitary District, still must show that it has "a legally protectible interest." *See Chenequa Land Conservancy*, 275 Wis. 2d 533, ¶ 11. As we have already established, the Sanitary District has not established that it has such an interest. In sum, we must conclude that the Sanitary District lacks standing to challenge the City's annexation.[9]

## CONCLUSION

¶ 27. We are bound by the language of the statutes as drafted by the legislature, and historically,

---

[9] The Sanitary District also argues that we permitted a sanitary district to challenge an annexation in *Sanitary District No. 4 – Town of Brookfield v. City of Brookfield*, 2009 WI App 47, 317 Wis. 2d 532, 767 N.W.2d 316. However, the parties did not raise the issue of standing in that case, and therefore, we did not consider the issue on appeal. As such, the case is not instructive here.

towns and sanitary districts were not permitted to challenge annexations of the sort presented here. As such, we affirm the circuit court's conclusion that neither the Town nor the Sanitary District has standing to challenge Ordinance No. 1644.

*By the Court.*—Orders affirmed.